# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD R. PETERSON, as Chapter 7 Trustee of the Estate of Brent Meder, and MEDER PROPERTY HOLDINGS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 14-cv-09932 |
| v. | ) ) | Judge Andrea R. Wood |
| A CLEAR TITLE AND ESCROW EXCHANGE, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Ronald R. Peterson, in his capacity as Chapter 7 bankruptcy trustee for Brent Meder, and Meder Property Holdings, LLC (together, "Plaintiffs")[1] have sued various defendants, including Justyna Michalowska, in connection with an alleged scheme to defraud individuals looking for alternative funding sources for real estate projects by misappropriating their escrow accounts. With respect to Michalowska in particular, Plaintiffs assert claims for conspiracy (Count II), common law fraud (Count III), and breach of fiduciary duty (Count VIII). Now before the Court is Michalowska's motion to dismiss the claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 25.) For the reasons detailed herein, Michalowska's motion is granted as to the conspiracy and fraud claims and denied as to the breach of fiduciary duty claim.

---

[1] This action was originally filed on December 11, 2014 by Brent Meder and Meder Property Holdings, LLC. Peterson, as Chapter 7 Trustee for the estate of Brent Meder, was substituted as a plaintiff in place of Brent Meder on June 7, 2016.

## BACKGROUND

The following facts are taken from the complaint and assumed to be true for purposes of Michalowska's Rule 12(b)(6) motion. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012).

Defendants A Clear Title and Escrow Exchange, LLC ("A Clear Title"), Stephen J. Cormier, SRV Associates, LLC, and Marek Harrison promoted a Real Estate Funding Program ("Program") to many individuals, including Meder.[2] Program participants were told that they could secure funding for real estate projects by depositing approximately 10% of the amount needed into an escrow account to be used to secure a letter of credit or a bank guarantee. (Compl. ¶ 14, Dkt. No. 1.) Program participants were also told that the money would remain in escrow for 15–20 business days and then would be released back to them at closing. Furthermore, while in escrow, the money would never be touched or encumbered, and there would be no liens put against it. (*Id.* ¶ 15.) Additionally, if a Program participant's real estate deal did not close, 100% of the escrowed funds would be returned. (*Id.*)

In or around 2010, Meder was looking to refinance two properties owned by Meder Property Holdings. Michael Spies recommended the Program to Meder and put him in touch with Cormier, who was a Managing Member and Registered Agent of A Clear Title, and Harrison, who was the sole owner and manager of SRV Associates. (*Id.* ¶¶ 44–45.) At the time, A Clear Title was licensed as a title insurance and escrow agency. (*Id.* ¶ 3.) On November 5, 2010, Meder, SRV Associates, and A Clear Title entered into an agreement, which provided that Meder would deposit $250,000 into an escrow account established by A Clear Title. (*Id.* Ex. 3,

---

[2] Defendants Cormier, Harrison, A Clear Title, and SRV Associates were served but failed to appear and thus have had default orders entered against them. (Dkt. No. 15.) Plaintiffs also originally sued Chicago Title Insurance Company and Ticor Title Insurance Company; those defendants have been voluntarily dismissed from the case. (Dkt. No. 9.)

Dkt. No. 1–3.)³ The agreement provided that the escrow funds would only be used to obtain a bank guarantee and that neither SRV nor A Clear Title would have access to the escrow funds unless such access was granted by Meder in writing. (*Id.*) Harrison and Cormier also repeatedly told Meder that the escrow fund deposits would only be used for proof of funds to purchase a bank guarantee and would not be at risk. (*Id.* ¶ 49.) After the escrow funds were deposited, Harrison and Cormier provided Meder with false and misleading information regarding the effort to obtain a bank guarantee. The misrepresentations included references to ongoing meetings with banks and other investors. (*Id.* ¶ 63–64.) At some point, Meder demanded the return of the escrow funds. (*Id.* ¶ 68.) Despite repeated demands to Cormier and Harrison, the escrow funds were never returned. (*Id.* ¶ 69.) Plaintiffs now claim that A Clear Title and Cormier utilized those funds for their own benefit. (*Id.* ¶ 71.)

Michalowska was a Managing Member of A Clear Title. (*Id.* ¶ 5.) According to Plaintiffs, at all relevant times, "Michalowska was aware that Cormier was making false statements to Meder and was misappropriating the Meder Escrow Funds as well as other funds in the Fifth Third escrow account." (*Id.* ¶ 89.) Plaintiffs further allege that A Clear Title transferred some of the misappropriated escrow funds to Michalowska under the guise of commission checks. (*Id.* ¶ 30.) They also claim that "[b]y failing to take any action to prevent the false statements and misappropriation of funds, Michalowska knowingly and substantially assisted in fraud," that "as a Managing Member of A Clear Title [Michalowska] owed Meder a fiduciary duty to prevent any misappropriation," and that "[b]y failing to take any action to prevent misappropriation, Michalowski [sic] breached her fiduciary duties to Meder." (*Id.* ¶¶ 89, 129.)

---

³ Barry Koller, an acquaintance of Meder's, was also a signatory to the agreement. (Compl. Ex. 3, Dkt. No. 1–3.) According to the complaint, Meder obtained the $250,000 from Koller and signed a promissory note agreeing to repay Koller the $250,000. (Compl. ¶ 48, Dkt. No. 1.) Koller is not a party to this lawsuit.

## DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2) a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the short and plain statement must meet two threshold requirements. First, the complaint's factual allegations must be sufficient to give the defendant fair notice of the claim and grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). While the complaint need not contain detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If the plaintiff is alleging fraud or mistake, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) also applies. The plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* At a minimum, the complaint must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)).

## I. Breach of Fiduciary Duty

In her motion, Michalowska argues that the breach of fiduciary claim against her should be dismissed because it is not pleaded with the degree of particularity required by Rule 9(b). But fiduciary duty claims are subject only to Rule 8(a), and not the heightened pleading standards of Rule 9(b). *See Gondeck v. A Clear Title & Escrow Exch., LLC*, No. 11 C 6341, 2012 WL 5200091, at *3 (N.D. Ill. Oct. 22, 2012) (citing *Heffernan v. Bass*, 647 F.3d 596, 601 (7th Cir. 2006)). Under Illinois law, "in order to state a claim for breach of fiduciary duty, it must be alleged that a fiduciary duty exists, that the fiduciary duty was breached, and that such breach proximately caused the injury of which the plaintiff complains." *Neade v. Portes*, 739 N.E.2d 496, 502 (Ill. 2000).[4] A Clear Title was at all relevant times a title insurance and escrow agency. Plaintiffs allege that, as a managing member of A Clear Title, Michalowska owed and breached an independent fiduciary duty to Meder by knowingly permitting funds to be inappropriately withdrawn from escrow. This is sufficient to meet the notice pleading standard of Rule 8. Plaintiffs' claim that Michalowska knowingly breached her fiduciary duties is "plausible on its face" and therefore will not be dismissed.

## II. Common Law Fraud

In Illinois, the elements of common law fraud are: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 613 (7th Cir. 2013) (quoting *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 591 (Ill. 1996)). In challenging the sufficiency of the common law fraud claim against her,

---

[4] The parties did not address choice of law in their briefs. However, both parties cite Illinois case law in their briefs, and neither has argued that any other state's law might apply. Consequently, the Court will apply Illinois law. *See McFarland v. Gen. Am. Life Ins. Co.*, 149 F.3d 583, 586 (7th Cir. 1998).

Michalowska argues that the complaint fails to state she ever "made a false statement of material fact." (Mem. in Supp. of Def.'s Mot. to Dismiss at 4, Dkt. No. 24).

Indeed, while Plaintiffs allege that Michalowska "participated in a scheme to defraud" (Resp. to Mot. to Dismiss at 4, Dkt. No. 36), the only facts Plaintiffs allege to implicate Michalowska in the fraud scheme are tangential at best. Nowhere do Plaintiffs allege that Michalowska herself made a fraudulent misrepresentation or fraudulently concealed a material fact. *See Future Envtl., Inc. v. Forbes*, No. 13 C 709, 2014 WL 3026485, at *4 (N.D. Ill. July 3, 2014) ("In Illinois, a plaintiff can base a common law fraud claim on a fraudulent misrepresentation or on a fraudulent concealment of a material fact."). Instead, Plaintiffs essentially argue that the Court should infer that, as a Managing Member of A Clear Title, Michalowska must have known about Cormier's fraudulent activity and actively concealed it. That is not sufficient to satisfy the heightened pleading requirements of Rule 9(b). Plaintiffs must make some particularized factual allegation that Michalowska made a false statement of material fact. As their complaint lacks such a factual allegation, the common law fraud claim against Michalowska must be dismissed.

Perhaps recognizing the deficiency in their original fraud theory, Plaintiffs have presented a new theory in response to Michalowska's motion to dismiss—they now argue that their complaint supports a claim against Michalowska for aiding and abetting common law fraud.[5] To sufficiently plead a claim for aiding and abetting in Illinois, a plaintiff must allege: "(1) the party whom the defendant aids performed a wrongful act causing an injury, (2) the defendant was aware of his role when he provided the assistance, and (3) the defendant

---

[5] It is not too late for Plaintiffs to adjust their legal theory and they may do so without amending the complaint. *See Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) ("Having specified the wrong done to him, a plaintiff may substitute one legal theory for another without altering the complaint. . . . If the extra assertions make out a claim, then the complaint stands.").

knowingly and substantially assisted the violation." *Hefferman*, 467 F.3d at 601 (quoting *Thornwood, Inc. v. Jenner & Block*, 799 N.E.2d 756, 767 (Ill. App. Ct. 2003)).

In *Hefferman v. Bass*, the Seventh Circuit analyzed a claim for aiding and abetting fraud. In that case, plaintiff alleged that the defendant, himself, and a friend were all involved in a car wash venture. 467 F.3d at 598. In the course of that venture, the defendant, who was an attorney, assured the plaintiff, "I'm your guy. I'll make sure you're protected and you get what's agreed." *Id*. Subsequently, the defendant prepared a release to trick the plaintiff into relinquishing his interest in the business. *Id.* The friend, working in alliance with the defendant, "showed up at [the plaintiff's] house in the middle of the night with that release and convinced [the plaintiff] to sign it by showing him only the second page" of the document, which appeared innocuous. *Id.* The Seventh Circuit reversed the district court's ruling, which dismissed the aiding and abetting claim against the defendant as insufficiently pleaded under Rule 9(b). In so doing, the Seventh Circuit first concluded that the plaintiff had properly identified a fraud scheme. *Id.* at 601–02. Next, the Seventh Circuit found that the plaintiff had properly alleged that the defendant aided and abetted in that fraud scheme by not only specifying that the defendant's participation in the fraud was knowing and intentional, but also identifying the assistance defendant provided—*i.e.*, drafting the release. *Id.*

Here, the complaint alleges that Cormier and Harrison knowingly lied to Meder in telling him that the escrow funds would not be released without written authorization. Cormier's and Harrison's intent was to induce Meder to deposit $250,000 into the escrow account and, in reliance on the truth of their statement, Meder did just that. Subsequently, the funds were misappropriated from Meder's escrow fund. These facts plausibly allege a fraud scheme perpetuated by Cormier and Harrison that harmed Meder. Plaintiffs also sufficiently allege that

7

"Michalowska knowingly . . . assisted the fraud." (Compl. ¶ 89, Dkt. No. 1); *see also* Fed. R. Civ. P. 9(b) (permitting knowledge to be alleged generally). Nonetheless, Plaintiffs' aiding and abetting claim fails because the complaint does not adequately plead how Michalowska assisted in the fraud. Instead, the complaint at most suggests Michalowska's passive acceptance of the fraud scheme. Unlike in *Hefferman*, the allegations against Michalowska do not include any action or failure to act that contributed to the scheme. This is not sufficient to meet Rule 9(b)'s heightened pleading standards. For that reasons, the fraud claim against Michalowska does not survive based on an aiding and abetting theory either.

### III. Conspiracy

Michalowska also contests the sufficiency of Plaintiffs' civil conspiracy claim, arguing that the allegations against her are conclusory and lacking in specificity. In Illinois, civil conspiracy requires proof of the following: "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007). "The agreement is a necessary and important element of this cause of action." *Id.* (quoting *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999)).

Here, the complaint sufficiently alleges at least one tortious act committed by a purported co-conspirator. Specifically, the complaint states that Harrison and Cormier misappropriated the Meder escrow funds. Nonetheless, Plaintiffs they have failed to allege any facts regarding the nature of the purported agreement between Michalowska, Cormier, and Harrison. The complaint does not specify when the agreement occurred, who arranged the conspiracy, or even what the agreement actually entailed (and, in particular, what role Michalowska played in it). The most

Plaintiffs state in their complaint is that Michalowska was "aware that Cormier was making false statement to Meder and was misappropriating the Meder Escrow Funds as well as other funds in the Fifth Third escrow account." (Compl. ¶ 89, Dkt. No. 1.) This is not enough detail about the nature of the agreement—and Michalowska's role—to satisfy Rule 9(b)'s particularity requirements. *See Borsellino*, 477 F.3d at 509 (affirming dismissal of civil conspiracy claim where the complaint said "nothing about the nature of the purported agreement to defraud plaintiffs, such as when it was made or which individual at Goldman Sachs arranged the conspiracy"). The conspiracy claim is therefore dismissed.

## CONCLUSION

For the reasons stated above, Michalowska's motion to dismiss (Dkt. No. 25) is granted in part and denied in part. The motion is granted with respect to Counts II and III. Those counts are dismissed without prejudice; Plaintiffs may seek leave to file an amended complaint that remedies the pleading deficiencies of those claims. The motion is denied with respect to Count VIII.

ENTERED:

Dated: March 27, 2017

_____
Andrea R. Wood
United States District Judge

9